[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, by writ, summons and complaint, dated June 19, 1996, commenced this action in three counts. Count One alleged breach of lease, Count Two sounds in negligence and Count Three complains of unjust enrichment. CT Page 13085
The defendants filed an answer and counterclaim dated November 10, 1997. In their counterclaim, the defendants allege that the plaintiff is liable to them for improvements they made to the property which benefitted [benefited] the plaintiff.
All counsel appeared for trial. But the defendants failed to appear and defend or to press their counterclaim.
Defendants' counsel is to be commended for his extraordinary effort to find his clients and notify them of the trial date. The defendants have failed to exercise diligence in defending the plaintiffs complaint or in pursuing their counterclaim. Defendants' counsel has not heard from his clients in three years. He has tried to find them by utilizing almost every means including an on-line search, registered mail and the services of a private investigator. Counsel has acted above and beyond what is expected of him in representing clients who obviously feel that the best way to avoid judgment in a lawsuit is to disappear.
Because the defendants failed to appear in court for trial, the court enters a default for the defendants failure to appear and enters a non-suit on the defendants' counterclaim for failure to appear for trial and present proof of their claim.
After a full hearing in damages, where the court heard evidence and allowed participation of defendants' counsel despite the failure of his clients to appear at trial, the court, by a preponderance of the of the credible, relevant, reliable and legally admissible evidence and the reasonable, logical, rational and lawful inferences to be drawn therefrom, finds, determines, and rules as follows:
The defendants, Donna Marie Gale and Donald E. Lemoine, were duly served and appeared by counsel in this action. Counsel received actual notice of this hearing and appeared in court at time of trial. Despite counsel's extensive measures to contact the defendants, they have not met with counsel or made their whereabouts known for about 3 years. The court finds that the defendants have constructive notice of these proceedings and that the court has jurisdiction to render judgment, in this case, binding on the defendants.
After hearing the plaintiff, Charles Lasher, who was cross-examined by defendants' counsel, the court makes the following express finding of fact.
The plaintiff and the defendants are respectively the landlord and tenants under a lease they entered into, on or about April 14, 1994, CT Page 13086 concerning the leasehold known as 371 Grove Beach Road in Westbrook, Connecticut.
The premises were rented furnished for a monthly rental of $1,200.00.
The lease provided that the defendants were responsible for all utilities, were to keep "the premises in good condition, were not to make any alterations, additions and improvements without prior written consent of the lessor and that any improvements, additions or alterations made would become the property of the lessor at the termination of "the lease, free and clear of any claims by the defendants, and that the defendants were to be responsible for all costs of collection including counsel fees.
The defendants also were granted an option to purchase the premises for $180,000.00.
On or about April 14, 1997, the defendants vacated the premises, but during the course of the tenancy committed the following acts:
(1) the defendants failed to pay utility bills in the amount of $2,272.00, which bills were paid by the lessor.
(2) the defendants failed to pay the last rental installment in the amount of $1,200.00.
(3) the defendants caused serious damage to the premises including, but not limited to, cutting holes in numerous walls, constructing walls in other areas, shoddy painting over natural pine walls, removing molding and electrical fixtures and destroying a bathroom vanity all without the plaintiffs knowledge or consent.
The cost for repairing the aforesaid damage was $21,652.03. The defendants removed furniture and personal items, belonging to the plaintiff, from the premises and disposed of same. The value of said items are found to be $14,525.00.
Accordingly, judgment may enter for the plaintiff on Counts One and Three of his complaint in the amount of $36,177.00, plus attorney's fees in the amount of $5,500.00 and costs of suit. Count Two is dismissed, the plaintiff has prevailed on the contract thereby waiving the count of negligence. Judgment is also entered for the plaintiff on the defendants' counterclaim.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE CT Page 13087